UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMOTHY KIRK WEADON,            )
                                )
            Plaintiff,          )
                                )
       v.                       )      1:24-CV-116
                                )
PRODUCERS AGRICULTURE INSURANCE )
COMPANY, d.b.a. PROAG,          )
                                )
            Defendant.          )

## MEMORANDUM ORDER

Before the court in this insurance coverage lawsuit removed from state court is the motion of Defendant Producers Agriculture Insurance Company, d.b.a. ProAg ("ProAg"), to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[1] (Doc. 8.) Plaintiff Timothy Kirk Weadon, represented by counsel, has failed to file a response, even after the Clerk of Court issued a notice that failure to do so will result in the motion being referred to the court as an unopposed motion. (Doc. 10.) For the reasons set forth below, the motion will be granted, and the case will be dismissed.

## I. BACKGROUND

ProAg removed this action, asserting this court's diversity

---

[1] ProAg requests in the alternative that if the court elects not to dismiss the case, it issue an order compelling arbitration. (Doc. 8; Doc. 9 at 21-22.) However, no formal motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., has been filed by either party.

jurisdiction and contending that Weadon seeks an amount in excess of $75,000.00.[2] (Doc. 1.) Weadon's complaint asserts three claims: unjustified refusal to pay under the crop insurance policy resulting in a breach of contract (first cause of action); unfair and deceptive trade practices in violation of North Carolina General Statute § 75-1.1 (second cause of action); and bad faith refusal to settle in violation of North Carolina General Statute § 58-63-10 and 58-63-15 (third cause of action). (Doc. 2.) Weadon seeks damages of $25,000, plus interest, treble and punitive damages, costs, and attorney's fees. (Id. at 4-5.)

## II. ANALYSIS

ProAg moves to dismiss for lack of subject matter jurisdiction or on the merits or, in the alternative, to compel arbitration, contending in either case that Weadon's contract with it has a

---

[2] The court notes that the requirements for diversity jurisdiction have been met and the court has proper subject matter jurisdiction. The parties are in complete diversity; Weadon is a resident of North Carolina, and ProAg is incorporated in and a resident of Texas. (Doc. 1; Doc. 2.) In addition, the complaint alleges an amount in controversy that is plausibly over $75,000 between Weadon's damages claim for $25,000, the accrued interest on that claim, the claim for treble damages, and the statutorily authorized attorney's fees. See Quality Labels & Packaging, Inc. v. Wells Fargo Bank, 1:19CV210, 2019 WL 2992219 (M.D.N.C. July 9, 2019); Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 23 F. App'x 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [the Plaintiff] . . . ."); Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (including attorney's fees in the amount in controversy calculation when they are expressly provided for by a statute).

mandatory arbitration clause and that his other state law claims are preempted by federal law. (Doc. 9.) Weadon's failure to respond exposes him to the court treating the motion as unopposed. L.R. 7.3(k) ("If no response brief is filed within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). However, the Fourth Circuit requires that the court nevertheless review any dispositive motion to determine whether it has merit. Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 448 (M.D.N.C. 2005) (citing Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

Here, ProAg has demonstrated that Weadon's claims based on the insurance coverage dispute under the Multiple-Peril Crop Insurance Policy issued by ProAg pursuant to the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. § 1501 et seq., are subject to the policy's mandatory arbitration provision. (Doc. 9 at 57-59.)[3] The insurance agreement between ProAg and Weadon States:

> (a) If you and we fail to agree on any determination made by us except those specified in section 20(d)3

---

[3] "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction," the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The court can also consider the document on Rule 12(b)(6) because this policy is specifically referenced in Weadon's complaint and ProAg has provided a copy of it, the authenticity of which Weadon has not disputed. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 164 (4th Cir. 2016); Pulte Home Corp. v. Montgomery Cnty., MD, 909 F.3d 685, 691, 693-94 (4th Cir. 2018) (applying Goines in the 12(c) context).

3

> or (e)4, the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. . . .
>
> > (1) All disputes involving determinations made by us except those specified in section 20(d)5 or (e)6, are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures established by FCIC.

(Id. at 57.) Federal courts have routinely enforced arbitration provisions of this nature in crop insurance cases where a policyholder disagrees with a private insurer's determination. See, e.g., Bissette v. Rain & Hail, L.L.C., No. 5:10-CV-40-D, 2011 WL 3905059, at *2 (E.D.N.C. Sept. 2, 2011) ("Mandatory arbitration provisions in crop insurance policies are valid and enforceable."); Wardlaw v. Rural Cmty. Ins. Servs., No. 1:10-CV-01004, 2010 WL 4259792, at *2 (W.D. Ark. 2010) (holding the FCIA "is the applicable federal law regulating the crop insurance policy and mandating arbitration" and enforcing the mandatory arbitration agreement); Farmers All. Mut. Ins. Co., v. Poco, LLC, No. CV-05-5063-FVS, 2005 WL 2035516, at *2 (E.D. Wash. 2005) ("[P]ursuant to

4

paragraph 20(a) . . . this case should be submitted to arbitration."). Thus, claim one, which alleges simple failure to pay for crop loss due to natural peril (Doc. 2 at 1-2), is subject to mandatory arbitration and should be dismissed. Mibelloon Dairy, LLC v. Producers Agric. Ins. Co., No. 1:21-CV-29, 2021 WL 6694209, at *4 (W.D. Mich. Nov. 30, 2021), report and recommendation adopted, (W.D. Mich. Feb. 18, 2022) (noting that a party's failure to pursue arbitration in spite of a compulsory arbitration provision means it has failed to state a claim such that a motion to dismiss on such grounds is properly construed as a motion under Rule 12(b)(6)) (citing Knight v. Idea Buyer, LLC, 723 F. App'x 300, 301 (6th Cir. 2018); Teamsters Local Union 480 v. United Parcel Service, Inc., 748 F.3d 281, 286 (6th Cir. 2014)).

Weadon's remaining two claims seek relief under state law addressing unfair and deceptive trade practices and bad faith actions in connection with insurance. ProAg contends these claims are preempted by federal law.

The Constitution limits state sovereignty in certain instances, one of which is prohibiting states from exercising certain powers granted the federal government. U.S. Const. Art. 1, § 10; Dep't of Revenue of Ky. v. Davis, 553 U.S. 328 (2008). The Constitution also indirectly restricts the states by granting certain legislative powers to Congress, U.S. Const. Art. 1, § 8, as the Constitution is the supreme law of the land, id. Art. VI,

5

cl. 2. Thus, state laws that conflict with federal law are preempted under the Supremacy Clause. Murphy v. Nat'l Collegiate Athletic Ass'n, 584 U.S. 453, 470-71 (2018).

"Congress has authorized the preemption of state laws or rules that conflict with regulations promulgated and contracts authorized by the FCIC." J.O.C. Farms, L.L.C. v. Fireman's Fund Ins. Co., 737 F. App'x 652, 654 (4th Cir. 2018).[4] Pursuant to this power, the FCIC has promulgated regulations relating to crop insurance it reinsures that preempts "[s]tate laws and regulations not consistent with the purpose, intent, or authority of the [Federal Crop Insurance] Act," 7 U.S.C. § 1501 et seq. 7 C.F.R. § 400.351. The federal regulations provide in pertinent part:

> No State or local governmental body or non-governmental body shall have the authority to promulgate rules or regulations, pass laws, or issue policies or decisions that directly or indirectly affect or govern agreements, contracts, or actions authorized by this part unless such authority is specifically authorized by this part or by the Corporation.

7 C.F.R. § 400.352(a). This federal regulation has "the same preemptive effect as a federal statute." McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 554 (4th Cir. 2013) (citing Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153 (1982)). "A pre-emptive regulation's force does not depend on express

---

[4] Unpublished opinions of the Fourth Circuit are not precedential but are cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

congressional authorization to displace state law." de la Cuesta, 458 U.S. at 154. Rather, the question is "whether the [agency] meant to pre-empt [state] law, and, if so, whether that action is within the scope of the [agency's] delegated authority." Id. "While the FCIA and FCIC regulations were not intended to completely foreclose state law claims against private insurers providing policies reinsured by the FCIC . . . the weight of recent authority recogniz[es] that claims arising from an insurer's determination under the policy are preempted." J.O.C. Farms, L.L.C., 737 F. App'x at 656 (listing cases).

Here, Weadon's state law claims are preempted by federal law, specifically the FCIA, at least by virtue of ordinary conflict preemption. See id. (affirming district dismissal of tort claims as conflict preempted by the FCIA). Both claims directly arise from ProAg's decision whether to approve coverage under the applicable multiple-peril crop insurance policy. Coverage determinations for these types of policies fall within scope of the FCIA. Mibelloon, 2021 WL 6694209 (finding state law claims of negligence and misrepresentation preempted under FCIA); Zych v. Haugen, 2017 WL 3222325, at *3 (Minn. Ct. App. Jul. 31, 2017) (finding that the FCIA expressly preempts inconsistent or conflicting state law that touches on contracts, agreements, and regulations it provides for and protects). Here, both North Carolina state law claims impinge on the purpose, intent, and

7

authority of the FCIA by providing for expanded forms of relief not authorized by the Act.  Williamson Farm v. Diversified Crop Ins. Servs., No. 5:17-CV-513-D, 2018 WL 1474068, at *5 (E.D.N.C. Mar. 26, 2018), aff'd, 917 F.3d 247 (4th Cir. 2019) (finding North Carolina unfair and deceptive trade practice claim preempted given the limited scope of remedies provided by the FCIA).  Thus, these claims are preempted by federal law and should be dismissed.  See, e.g., Perdue v. Wyeth Pharmaceuticals, Inc., 209 F. Supp. 3d 847, 854 (E.D.N.C. 2016) (dismissing preempted claims with prejudice).

As a result, no claim raised on the face of the complaint states a cognizable cause of action for this court to adjudicate. Thus, ProAg's motion to dismiss will be granted as to all claims, and the court need not reach ProAg's motion to compel arbitration.

## III. CONCLUSION

For these reasons, therefore,

IT IS ORDERED that the motion to dismiss filed by Defendant Producers Agriculture Insurance Company, d.b.a. ProAg (Doc. 8), is GRANTED, and the complaint is DISMISSED.

/s/   Thomas D. Schroeder
United States District Judge

April 12, 2024